UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KASEY V.,

                Plaintiff,

     v.

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

Case No. C20-6153 RAJ

**ORDER AFFIRMING DEFENDANT'S DENIAL OF BENEFITS AND DENYING PLAINTIFF'S MOTION TO FILE SUPPLEMENTAL REPLY AND FOR ORAL ARGUMENT**

Plaintiff appeals denial of his applications for Supplemental Security Income and Disability Insurance Benefits. Plaintiff contends the ALJ erred by determining he had engaged in substantial gainful activity, rejecting his testimony, failing to develop the record, and addressing vocational issues. Dkt. 16. In supplemental briefing, Plaintiff contends a constitutional deficiency in the statutory provision for removing the Commissioner of Social Security necessitates remand for further administrative proceedings. Dkt. 20. As discussed below, the Court **AFFIRMS** the Commissioner's final decision and **DISMISSES** the case with prejudice.

On November 16, 2021, Plaintiff filed a motion (the "Motion") for leave to file a reply brief to Defendant's supplemental brief, and for oral argument. Dkt. 27. The Court **DENIES**

ORDER AFFIRMING DEFENDANT'S DENIAL OF
BENEFITS AND DENYING PLAINTIFF'S MOTION
TO FILE SUPPLEMENTAL REPLY AND FOR ORAL
ARGUMENT - 1

1  this Motion.  Plaintiff's opening brief in this matter was originally due on April 26, 2021.  Dkt.
2  8.  Plaintiff was ultimately granted leave to file his opening brief on July 14, 2021, after the
3  Court entered an order to show cause and another order accepting Plaintiff's late-filed opening
4  brief.  *See* Dkts. 15, 17.
5    After initial briefing was complete, Plaintiff filed a motion to supplement his briefing on
6  his constitutional claim.  Dkts. 20-21.  Defendant did not oppose this motion, and Plaintiff in his
7  asked the Court to allow Defendant 30 days to respond to the substantive arguments in Plaintiff's
8  supplemental brief.  Dkts. 22-23.  Plaintiff did not ask to submit a reply brief or for oral
9  argument.  Dkt. 23.  The Court granted Plaintiff's motion to supplement his briefing, and granted
10  Defendant the opportunity to file a supplemental brief in response.  Dkt. 24.  Defendant timely
11  filed a supplemental brief on October 21, 2021.  Dkt. 25.
12    On November 16, 2021, Plaintiff filed the present Motion, along with a 15-page brief.
13  Dkt. 26-27.
14    Plaintiff has had ample time and opportunity to present his arguments, in his opening and
15  reply briefs, as well as his original supplemental brief.  *See* Dkts. 16, 19-20.  Plaintiff now asks
16  to file a supplemental reply brief that is twice as long as his original supplemental brief, and is
17  clearly not limited to responding to Defendant's supplemental brief.  *See* Dkts. 25-27.  To the
18  extent this supplemental reply brief responds to Defendant's supplemental brief, the Court finds
19  additional briefing unnecessary, as it is fully advised of the parties' arguments and the issues
20  surrounding them.  To the extent Plaintiff's supplemental reply brief raises new issues, the Court
21  will not consider new arguments made for the first time in a supplemental reply brief.  *See*
22  *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161, n.2 (9th Cir. 2008) (holding the
23  court "ordinarily will not consider matters on appeal that are not specifically and distinctly

ORDER AFFIRMING DEFENDANT'S DENIAL OF
BENEFITS AND DENYING PLAINTIFF'S MOTION
TO FILE SUPPLEMENTAL REPLY AND FOR ORAL
ARGUMENT - 2

argued in an appellant's opening brief") (quotation marks and internal citation omitted).

Furthermore, the Court finds oral argument unnecessary as this matter can be decided on the parties' briefs, including Plaintiff's and Defendant's supplemental briefs, excluding the supplemental reply at issue in Plaintiff's Motion. Therefore, Plaintiff's Motion (Dkt. 27) is **DENIED** and Plaintiff's supplemental reply brief (Dkt. 26) is stricken.

## BACKGROUND

Plaintiff is 42 years old, has a high school education, and has worked in retail and sales. Dkt. 7, Admin. Transcript (Tr.) 547. Plaintiff applied for benefits in May 2012, and alleges disability for a closed period from October 9, 2010, to December 31, 2016. Tr. 535-36. Plaintiff's applications were denied in a 2013 ALJ decision that, on appeal to the Court, was reversed based on the parties' stipulation. Tr. 535, 765–67. On remand, the ALJ issued another unfavorable decision in 2017, which was remanded by the Appeals Council to reevaluate Asperger's disorder. Tr. 535, 812–14.

On remand, after conducting a hearing in July 2020, a new ALJ issued a decision finding Plaintiff not disabled. Tr. 535-48, 634-733. In pertinent part, the ALJ found that Plaintiff had severe impairments of Asperger's/autism spectrum disorder, attention deficit/hyperactivity disorder, mood disorder, spinal impairments, and left knee impairments. Tr. 539. The ALJ found that Plaintiff had the residual functional capacity ("RFC") to perform medium work with cognitive, adaptive, and social limitations. Tr. 539-41.

The Appeals Council did not assume jurisdiction of Plaintiff's claims, making the ALJ's decision the Commissioner's final decision. *See* 20 C.F.R. §§ 404.984, 416.1484.

## DISCUSSION

This Court may set aside the Commissioner's denial of Social Security benefits only if

the ALJ's decision is based on legal error or not supported by substantial evidence in the record as a whole. *Trevizo v. Berryhill*, 871 F.3d 664, 674 (9th Cir. 2017).

### A. Plaintiff's Testimony

Where, as here, an ALJ determines a claimant has presented objective medical evidence establishing underlying impairments that could cause the symptoms alleged, and there is no affirmative evidence of malingering, the ALJ can only discount the claimant's testimony as to symptom severity by providing "specific, clear, and convincing" reasons supported by substantial evidence. *Trevizo*, 871 F.3d at 678. The ALJ discounted Plaintiff's testimony for several reasons, including that it was contradicted by his work activity. Tr. 539, 542-44.

For the alleged closed period from October 2010 to December 2016, the ALJ found Plaintiff performed substantial gainful activity as a dishwasher from June 2014 to November 2015, and had additional work as a tow truck driver in late 2015 to 2016 that did not rise to the substantial gainful level. Tr. 538-39. The ALJ rejected Plaintiff's testimony of disabling limitations because he demonstrated the ability to work during the relevant period and because he worked before and after the relevant period with no intervening change in his impairments. Tr. 539, 542-43. An ALJ may discount a claimant's testimony based on daily activities that either contradict his testimony or that meet the threshold for transferable work skills. *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007). Here, Plaintiff's activities both contradicted his testimony of disabling limitations and demonstrated work skills.

Plaintiff argues his work as a tow truck driver in 2015 and 2016 was not substantial gainful activity. Dkt. 19 at 2.[1] Nevertheless, the ALJ's finding that this work activity

---

[1] Plaintiff argues that the "ALJ erred in stating Plaintiff did not object to an SGA finding." Dkt. 16 at 16 (capitalization removed). Plaintiff makes no effort to support this vague argument. In any case,

ORDER AFFIRMING DEFENDANT'S DENIAL OF
BENEFITS AND DENYING PLAINTIFF'S MOTION
TO FILE SUPPLEMENTAL REPLY AND FOR ORAL
ARGUMENT - 4

demonstrated an ability to perform less demanding work full time was supported by substantial evidence. *See* Tr. 538-39. Plaintiff offers no reason that earning "slightly below" the substantial gainful activity amount undermined the ALJ's decision. Tr. 538. Moreover, Plaintiff worked at the substantial gainful activity level as a dishwasher for over a year during the relevant period.

Plaintiff also argues some of his work was a trial work period that should not be counted for up to nine months. Dkt. 16 at 4. The Commissioner contends a trial work period is only applicable to individuals already awarded disability and thus Plaintiff must be referring to an unsuccessful work attempt, which cannot last more than six months. Dkt. 18 at 5. In any case, Plaintiff worked for far longer than nine months. His extensive work activity contradicted his testimony that he cannot work due to his impairments.

There is no dispute that Plaintiff was able to work, and in fact did work, before and after the alleged closed period of October 2010 to December 2016. Plaintiff argues recent medication changes have enabled him to work after the alleged closed period. Dkt. 16 at 6. Even if true, that does not explain how he was able to work before—and during—the closed period. Plaintiff has shown no medical change around 2010 that could explain a new inability to work. In fact, Plaintiff contends his limitations are due to "lifelong" impairments. Dkt. 16 at 5, 8, 11, 14, 15. Plaintiff argues "[n]one of this prior work lasted more than a year or two," but the ALJ reasonably found two years at one job shows an ability to maintain employment. Dkt. 16 at 12. Plaintiff fails to establish error.

The Court concludes the ALJ did not err by discounting Plaintiff's testimony for the clear and convincing reason that it was contradicted by his work activity.

---

regardless of whether Plaintiff objected, the ALJ's finding of substantial gainful activity in 2014 and 2015 was supported by substantial evidence. *See* Tr. 1075-76.

B.     **Lay Witness Testimony**

An ALJ may discount lay witness testimony by giving a germane reason. *Diedrich v. Berryhill*, 874 F.3d 634, 640 (9th Cir. 2017).

Plaintiff's mother testified to similar limitations as Plaintiff. *See* Tr. 290-97, 702-10. Similarly, the ALJ gave her statements "minimal weight" because they were contradicted by Plaintiff's work activities. Tr. 544. Compared to the time prior to the alleged onset date, when Plaintiff performed substantial gainful activity, the record did "not establish any significant decline" in his condition. *Id*. As with Plaintiff's testimony, this was a valid reason, supported by substantial evidence, to discount Plaintiff's mother's testimony. Plaintiff's vague argument that the ALJ discounted her testimony "without the specific reasons necessary to do so" fails to establish error. Dkt. 16 at 9.

The Court concludes the ALJ did not err by discounting Plaintiff's mother's testimony.

C.     **Medical Opinions**

The ALJ could only reject the contradicted opinion of an examining doctor by giving "specific and legitimate" reasons. *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017).

In May 2013, Anne Leefeld Kanters, Ph.D., examined Plaintiff and opined he had a "life long [sic] history of disability" and "should be approved for social security disability." Tr. 485-86. The ALJ gave Dr. Kanters's opinions "minimal weight" for several reasons, including that they were contradicted by Plaintiff's "gainful employment" between 2014 and 2016. Tr. 545-46. This was a specific and legitimate reason to discount Dr. Kanters's opinions. *See Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 692-93 (9th Cir. 2009) (inconsistency with the claimant's actual work activity is a proper reason to reject a medical opinion). Plaintiff argues Dr. Kanters relied on objective testing, and had great expertise with Asperger's disorder. Dkt. 19

ORDER AFFIRMING DEFENDANT'S DENIAL OF
BENEFITS AND DENYING PLAINTIFF'S MOTION
TO FILE SUPPLEMENTAL REPLY AND FOR ORAL
ARGUMENT - 6

at 3, 8. However, this does not undermine the ALJ's finding of conflict with Plaintiff's activities. Conflict with activities is a valid reason to discount a doctor's opinion; Ninth Circuit precedent does not provide an exception based on the doctor's expertise or testing.

The Court concludes the ALJ did not err by discounting Dr. Kanters's opinions.

**D.    Appeals Council Order**

Plaintiff contends the ALJ erred by failing to follow the Appeals Council's order to "[o]btain a medical expert."[2] Dkt. 16 at 1. The Appeals Council directed the ALJ to, "[i]f necessary, obtain evidence from a medical expert related to the nature and severity of and functional limitations resulting from the claimant's impairments." Tr. 813. Plaintiff argues calling a medical expert was necessary to evaluate Dr. Kanters's objective testing results.

An "ALJ must obtain [a medical expert] opinion" when "[t]here is a question about the accuracy of medical test results reported, requiring evaluation of background medical test data." Hearing, Appeals, and Litigation Law Manual (HALLEX) § I-2-5-34(A)(1). Plaintiff argues that the ALJ was required to consult a medical expert because Dr. Kanters performed objective testing showing deficits in "auditory processing, speed of response, . . . and a visual speed test." Dkt. 19 at 4-5. However, the accuracy of Dr. Kanters's test results was not at issue. Regardless of any deficits in auditory processing and speed, Plaintiff was able to perform work activity, some of which was at the substantial gainful level, during the alleged closed period. The ALJ discounted Dr. Kanters's opinions based on conflict with Plaintiff's activities, not based on

---

[2] Plaintiff also contends the ALJ erred by failing to "[f]urther evaluate the Asperger's," "[f]urther evaluate symptoms," and [a]ddress limitations," but fails to provide any argument in support. Dkt. 16 at 1. Plaintiff's conclusory assertion is insufficient to establish harmful error. *See Indep. Towers of Wash. v. Wash.*, 350 F.3d 925, 929-30 (9th Cir. 2003) (court "will not consider any claims that were not actually argued in appellant's opening brief").

ORDER AFFIRMING DEFENDANT'S DENIAL OF
BENEFITS AND DENYING PLAINTIFF'S MOTION
TO FILE SUPPLEMENTAL REPLY AND FOR ORAL
ARGUMENT - 7

questioning the accuracy of her testing results. The ALJ was not required to consult a medical expert under these circumstances. Plaintiff fails to show harmful error.

E. **RFC Determination**

Plaintiff argues the ALJ erred in assessing his RFC by failing to include limitations based Plaintiff's testimony, his mother's statements, and Dr. Kanters's opinions. This argument fails to establish error because the ALJ properly rejected this evidence, as discussed above. *See Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1175-76 (9th Cir. 2008).

F. **Vocational Issues**

Relying on *Maxwell v. Saul*, 971 F.3d 1128 (9th Cir. 2020), Plaintiff contends the ALJ erred by relying on only three occupations to determine he was able to perform work existing in significant numbers in the national economy. Dkt. 16 at 18. In *Maxwell*, the ALJ found the claimant had a skill that was transferrable to only two occupations. 971 F.3d at 1129. The Medical-Vocational Guidelines mandated a finding of disability unless the claimant's skills were "'transferable to a *significant range*'" of work. *Id.* at 1131 (quoting 20 C.F.R. Pt. 404, Subpt. P, App. 2)). The Ninth Circuit held "two occupations do not constitute a 'significant range of work'" under the Medical-Vocational Guidelines. *Id*.

Here, there is no dispute the Medical-Vocational Guidelines were not directly applicable.[3] Instead, the ALJ consulted a vocational expert, who testified that a person with Plaintiff's RFC could perform "sample occupations" such as automobile lot attendant, hospital housekeeper, and office cleaner that, collectively, provided over 800,000 jobs nationwide. Tr.

---

[3] The ALJ found transferability of job skills "not material" to the disability determination because the Medical-Vocational Guidelines, used as a framework rather than a rule, supported a finding of non-disability whether or not Plaintiff had transferable skills. Tr. 547.

ORDER AFFIRMING DEFENDANT'S DENIAL OF
BENEFITS AND DENYING PLAINTIFF'S MOTION
TO FILE SUPPLEMENTAL REPLY AND FOR ORAL
ARGUMENT - 8

724. Based on this testimony regarding these "representative occupations," the ALJ found Plaintiff could perform "work that exists in significant numbers in the national economy." Tr. 548.

*Maxwell* is inapplicable to this case. In fact, the Ninth Circuit expressly distinguished the "significant range of work" necessary to find non-disability based on transferable skills from the "work existing in significant numbers in the national economy" required to find non-disability without transferable skills. *Maxwell*, 971 F.3d at 1131-32. Given that the Ninth Circuit has held that "25,000 national jobs . . . represents a significant number of jobs," the occupations in this case, totaling over 800,000 jobs, were clearly sufficient. *Gutierrez v. Comm'r of Soc. Sec.*, 740 F.3d 519, 529 (9th Cir. 2014).

The Court concludes the ALJ did not err in addressing vocational issues.

**G.      Separation of Powers**

Plaintiff contends that the statutory clause for removal of the Commissioner of Social Security is unconstitutional, rendering the Commissioner's appointment invalid, and therefore rendering the ALJ's nondisability decision invalid. Dkt. 20 at 1-2. Removal of the Commissioner of Social Security is governed by 42 U.S.C. § 902(a)(3). Under § 902(a)(3), the Commissioner may only be removed from office "pursuant to a finding by the President of neglect of duty or malfeasance in office." *Id.* Two recent Supreme Court decisions call this clause into question.

In *Seila Law LLC v. Consumer Financial Protection Bureau*, 140 S. Ct. 2183 (2020), the Supreme Court held the Consumer Financial Protection Bureau's ("CFPB") removal structure, which allowed for the CFPB Director to be removed by the President only for "inefficiency, neglect of duty, or malfeasance of office," 12 U.S.C. § 5491(c)(3), violated the separation of

powers by insulating the Director from removal by the President. *Seila Law*, 140 S. Ct. at 2197.

The Supreme Court addressed a removal provision again the following year in *Collins v. Yellen*, 141 S. Ct. 1761 (2021). There, the Court held a provision limiting the President to removing the Director of the Federal Housing Finance Agency ("FHFA") only for cause violated the separation of powers. *Collins*, 141 S. Ct. at 1783 (holding that "*Seila Law* is all but dispositive").

A straightforward application of *Seila Law* and *Collins* dictates a finding that the removal provision in § 902(a)(3) violates separation of powers. As in *Seila Law* and *Collins*, the Social Security Commissioner is a single officer at the head of an administrative agency and removable only for cause. *See* 42 U.S.C. § 902(a)(3). Section 902 suffers from the same defect as the removal provisions at issue in *Seila Law* and *Collins*. The Court accordingly concludes § 902(a)(3) violates separation of powers. *See Seila Law*, 140 S. Ct. at 2197; *Collins*, 141 S. Ct. at 1783; *see also* Office of Legal Counsel, *Constitutionality of the Commissioner of Social Security's Tenure Protection*, 2021 WL 2981542, at *7 (July 8, 2021).

Plaintiff contends because the removal clause was unconstitutional, Commissioner Saul's appointment and tenure were invalid.[4] This argument fails.

First, the removal provision in § 902(a)(3) is severable from the remainder of the statutes governing the SSA. In *Seila Law*, the Court found the constitutionally defective removal procedure was severable from the remainder of the CFPB's governing statutes because the CFPB

---

[4] The ALJ who decided Plaintiff's case was appointed by then-Acting Commissioner Nancy Berryhill. *See* SSR 19-1p, 2019 WL 1324866, at *2 (Mar. 15, 2019). Defendant contends Ms. Berryhill, as Acting Commissioner, was not subject to the same removal provision as Commissioner Saul. The Court need not reach this issue because, as explained below, Plaintiff cannot establish a link between the removal provision at issue here and his claims.

ORDER AFFIRMING DEFENDANT'S DENIAL OF
BENEFITS AND DENYING PLAINTIFF'S MOTION
TO FILE SUPPLEMENTAL REPLY AND FOR ORAL
ARGUMENT - 10

was capable of functioning independently even if the offending removal restriction was erased. 140 S. Ct. at 2209-10, 2245.[5]  Similarly, if the removal clause in § 902(a)(3) is stricken, the SSA remains fully functional.

Second, the removal provision does not render the Commissioner's appointment invalid, and thus does not automatically void the SSA's actions under the Commissioner.  In *Collins*, the Court found the defective removal procedure did not render the FHFA Director's appointment invalid, and thus did not render the FHFA's actions under the Director void from the outset. 141 S. Ct. at 1787 ("Although the statute unconstitutionally limited the President's authority to *remove* the confirmed Directors, there was no constitutional defect in the statutorily prescribed method of appointment to that office. As a result, there is no reason to regard any of the actions taken by the FHFA [challenged on appeal] as void.").  The same is true here.  The infirm *removal* provision does not render Commissioner Saul's *appointment* invalid, which in turn does not render the ALJ's disability decision void.  Plaintiff's reliance on *Lucia v. SEC*, 138 S. Ct. 2044 (2018), is therefore inapt.

Plaintiff nonetheless contends that "[b]ecause the Social Security Administration's structure unconstitutionally violates the separation of powers, the underlying ALJ (and AC decision) [sic] presumptively applied an inaccurate legal standard at the administrative level."  Dkt. 20 at 4.  But, as discussed above, the ALJ satisfied the correct legal standard in finding Plaintiff not disabled.  Plaintiff has failed to show any connection between the unconstitutional removal provision and the ALJ's decision denying him benefits.  *See Decker Coal Co. v.*

---

[5] Four Justices dissented from Chief Justice Roberts's lead opinion holding the CFPB removal provision was unconstitutional, but agreed that "*if* the agency's removal provision is unconstitutional, it should be severed." *Id.* at 2245 (Kagan, J., concurring in the judgment with respect to severability and dissenting in part).

ORDER AFFIRMING DEFENDANT'S DENIAL OF
BENEFITS AND DENYING PLAINTIFF'S MOTION
TO FILE SUPPLEMENTAL REPLY AND FOR ORAL
ARGUMENT - 11

*Pehringer*, 8 F.4th 1123, 1138 (9th Cir. 2021) ("[T]here is no link between the ALJ's decision awarding benefits and the allegedly unconstitutional removal provisions.  And nothing commands us to vacate the decisions below on that ground.")); *cf. Collins*, 141 S. Ct. at 1802 (Kagan, J. concurring) ("[G]iven the majority's remedial analysis, I doubt the mass of SSA decisions—which would not concern the President at all—would need to be undone. . . .  When an agency decision would not capture a President's attention, his removal authority could not make a difference.").

In sum, although the removal clause in 42 U.S.C. § 902(a)(3) violates separation of powers, it does not require the ALJ's decision to be reversed.

## CONCLUSION

For the foregoing reasons, the Commissioner's final decision is **AFFIRMED** and this case is **DISMISSED** with prejudice.

DATED this 11th day of January, 2022.

The Honorable Richard A. Jones
United States District Judge